LAGOA, J.
Ricardo Jones (“Jones”) appeals from the trial court’s denial of his petition for writ of habeas corpus. We affirm.
On September 19, 2011, Jones was convicted and sentenced. In October 2011, he filed an appeal from his judgment and sentence. While his direct appeal was still pending in this Court, Jones filed a petition for writ of habeas corpus in the trial court, which raised arguments as to the merits of his underlying conviction. The trial court correctly found that it lacked jurisdiction to consider the petition as Jones’s direct appeal was pending. See Curry v. State, 7 So.3d 633 (Fla. 3d DCA 2009); Marshall v. State, 481 So.2d 973 (Fla. 2d DCA 1986).
The trial court, however, denied the petition, rather than dismissing the petition for lack of jurisdiction. “While it is clear that the trial court had no jurisdiction to render a ruling on the post-conviction petition while the judgment and sentence were pending on appeal in this Court, it is also clear that the trial court intended that the ruling be without prejudice to [Jones] to timely pursue his post-conviction remedies at the conclusion of his direct appeal.” Curry, 7 So.3d at 634.
Accordingly, pursuant to Curry, we affirm the trial court’s denial of Jones’s petition for writ of habeas corpus, as modified, as the denial is -without prejudice to Jones’s right to timely seek post-conviction relief in the trial court at the conclusion of his direct appeal. See Curry, 7 So.3d at 633; Marshall, 481 So.2d at 973. We note that this Court has now affirmed Jones’s *836 direct appeal, see Jones v. State, No. 3D11-2661 (Fla. 3d DCA 2018), and the mandate issued on May 24, 2013.
Affirmed.